UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JEREMY LEE WINLAND,** | ) | **CASE NO. 1:13 CV 1157** |
| | ) | |
| **Plaintiff,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **ROB JEFFERIES,** *et al.*, | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Jeremy Lee Winland filed this action under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Correction ("ODRC") Classification Chief Rob Jefferies, ODRC Chief Inspector Gary Croft, Toledo Correctional Institution ("ToCI") Case Manager Ms. Brown, ToCI Institutional Investigator Mr. Bowerman, and ToCI Deputy Warden of Operations Ms. Factor. In the Complaint (Doc. # 1), Plaintiff asserts he was transferred to ToCI fourteen months after he was removed from the institution to protect his safety. He was assaulted four days after his arrival. He asserts Defendants violated his Eighth Amendment rights, and seeks monetary damages and injunctive relief.

**I. BACKGROUND**

Plaintiff alleges he was incarcerated in ToCI in 2011.  ODRC Classification Chief Rob Jefferies approved his transfer from that institution to the Lorain Correctional Institution in lieu of placing him in protective custody.  Plaintiff does not elaborate on the nature of the threat to his safety.  He alleges that fourteen months later, on December 21, 2012, he was transferred back to ToCI.  He states he told a Unit Manager he was not supposed to be at that institution, but and was told that due to the number of inmates transferred with Plaintiff, the officer would not have an opportunity to investigate the claim.  The Unit Manager told Plaintiff to address his concerns with his unit staff on Monday, December 24, 2012.

Plaintiff spoke to his Case Manager, Ms. Brown, on December 24, 2012.  She retrieved Plaintiff's information on her computer and then called the Institutional Investigator to ask him what she should do. The Institutional Investigator advised her to tell Plaintiff to return to his cell block and stay there until the Institutional Investigator returned from vacation on January 8, 2013.  He indicated that when he was back in the office, he would request Plaintiff be moved to the honor block where the Investigator believed Plaintiff would be safe.

Plaintiff returned to his cell block.  He claims that on Christmas Day, at approximately 1:30 p.m., he was on his way to recreation when he was jumped by other inmates.  He contends his jaw and torso were badly bruised from the altercation.  He was placed on a liquid diet for a week and was given pain medications.  He claims Defendants violated his Eighth Amendment rights.

Thereafter, Plaintiff was transferred from ToCI to the Mansfield Correctional Institution ("MANCI").  He claims he was not supposed to be at MANCI either, and he was placed in segregation upon his arrival.  He was released to the general population on May 6, 2013.  He

-2-

contends the Latin Kings are "out to get" him and this gang jumped him and attempted to stab him at the Trumbull Correctional Institution. He alleges a Latin American inmate was placed in his cell on May 7, 2013. The inmate was moved out of the cell on May 13, 2013. Plaintiff seeks injunctive relief to keep him from being placed in close proximity with any inmate who could pose a threat to him.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 556 U.S. at 677-678 , further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.  ANALYSIS

Plaintiff asserts the Defendants violated his Eighth Amendment rights. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9.

Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

While Plaintiff may arguably have satisfied the objective component, he fails to allege facts to satisfy the subjective component of his Eighth Amendment claim. To do so, he must demonstrate that each of the Defendants was deliberately indifferent to a serious risk to his health. *Wilson*, 501 U.S. at 302-03. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. An inmate must show that prison officials had "a sufficiently culpable state of mind." *Id.* at 834. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837; *Flanory v. Bonn*, 604 F.3d 249, 253-55 (6th Cir. 2010).

Here, Plaintiff alleges ODRC Classification Chief Jefferies signed an order transferring him back to ToCI "and did not do his job to check as to see if I was even aloud [sic] back at this institution." (Doc. #1 at 4). At best, this allegation suggests the ODRC Classification Chief was negligent in conducting a thorough review of Plaintiff's file before reassigning him to that institution. Plaintiff, however, does not allege facts to suggest this Defendant remembered that Plaintiff had been transferred from ToCI, realized that the risk to his safety was still present at

-5-

that institution, and consciously disregarded that risk when deciding to transfer him back to ToCI. *Farmer*, 511 U.S. at 837.

Similarly, he alleges he informed Ms. Brown of the error in his transfer to ToCI and she consulted with Mr. Bowerman. He claims Bowerman advised that Plaintiff should return to his cell and stay there until Bowerman was back in the office and could process Plaintiff's transfer to the honor block where Bowerman believed Plaintiff would be safe. Again, these facts suggest Brown and Bowerman may have been negligent for not taking the additional precautions which hindsight now demonstrates may have been prudent. Plaintiff, however, does not allege facts to suggest these Defendants actually perceived the seriousness of the risk and deliberately disregarded it. In fact, they planned to secure his move to the honor block. There are no facts to suggest they acted with a sufficiently culpable state of mind.

Finally, Plaintiff includes no facts suggesting the ODRC Chief Inspector Gary Croft, and the ToCI Deputy Warden of Operations were personally involved in the actions described in the Complaint. Plaintiff cannot establish the liability of any defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). These allegations of personal involvement are crucial to demonstrating that these Defendants acted with deliberate indifference. Absent allegations suggesting their role in the actions alleged in the Complaint, there is no basis upon which Plaintiff can maintain an Eighth Amendment claim against them.

## IV. CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

*/s/Dan Aaron Polster 10/22/13*
**Dan Aaron Polster**
**United States District Judge**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.